

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 3, 1958

Dr. E. N. Jones, President
Texas Technological College
Lubbock, Texas

Opinion No. WW- 334

Re: Whether Texas Technologi-
cal College may present
commercial television pro-
grams should the Federal
Communications Commis-
sion grant a television
channel for use by the
College.

Dear Dr. Jones:

We quote from your request for an opinion as follows:

"In your opinion No. WW-5 under date of
January 22, 1957, you ruled that:

"'The Board of Directors of Texas Tech-
nological College has the authority to
engage in educational television broad-
casting on a non-commercial basis pro-
vided that said Board, in the exercise
of sound discretion, determines that
such activity is reasonably necessary
for the accomplishment of the statutory
purposes of the college and within the
legitimate objects of its creation.'

"Also, the opinion contained the following:

"'Since the question is not raised by
your inquiry, this opinion shall not be
construed as dealing with the authority
of the college to engage in any type of
television broadcasting on a commercial
basis, in whole or in part . . .'

"It has now developed that there is need for
an opinion from you on the question of whether or
not Texas Technological College is empowered under
its charter to present commercial television pro-
grams should the Federal Communications Commis-
sion grant a television channel for use by the
College.

"From the tenor of your opinion No. WW-5
and the cases cited therein, it would appear
that the primary purpose of a television chan-
nel for the College must necessarily be educa-
tional in nature.  If a television channel
should be maintained by Texas Technological
College and primarily devoted to educational
purposes, would this prevent incidental com-
mercial programming over facilities of the
station?"

Attorney General's Opinion WW-5 (1957) recognized
the authority of Texas Technological College to engage in
educational television broadcasting on a non-commercial basis
provided the Board of Directors of the College, in the exer-
cise of sound discretion, determines that such activity is
reasonably necessary for the accomplishment of the statutory
purposes of the College and within the legitimate objects of
its creation.  It was also pointed out in the foregoing opin-
ion that a college or university will ordinarily be accorded
the right to perform acts incidental to its main purpose, al-
though it will be denied the right to perform acts not reason-
ably incidental.  The Legislature has seen fit to vest consid-
erable discretion in the governing boards of the various state
institutions of higher learning in determining what activities
come within the statutory purposes of such institutions.  The
Board's determination is final except where it is made to appear
that its action constitutes a clear abuse of discretion.

An Attorney General's letter opinion, dated January
27, 1948, addressed to Honorable Frank C. Smith, President of
the Board of Directors of Texas College of Arts and Industries,
upheld the right of that institution to permit the installation
and operation of a broadcasting studio on the College campus.
In marking the limits of such authority, the opinion said:

"Thus, your Board is not authorized to
permit the construction on the campus of a
broadcasting studio to be used primarily for
commercial purposes, with only incidental
benefits to the college.  The determination
of whether the proposed installation in ques-
tion meets the statutory requirements herein-
before set out is a matter within the sound
discretion of your board."

Clearly, no agency of the state, which includes
Texas Technological College, has authority to engage in a
purely commercial undertaking for revenue raising purposes
unless authority therefor exists in the Constitution or statutes

of the state.   This does not mean, however, that an authorized undertaking must be absolutely devoid of any commercial aspects, or that an authorized activity is rendered unauthorized because it incidentally yields revenue from its normal operations.   The undertaking becomes objectionable only when the production of revenue becomes more than an incidental part of such undertaking. Southwestern Broadcast Co. v. Oil Center Broadcast Co., (Civ.App.) 210 S.W. 2d 230.

The acceptance of commercially sponsored programs enables the student to acquaint himself with this vital aspect of the Television Industry.   From a legal standpoint, it would appear no more objectionable than for the College newspaper to solicit and accept advertising for its pages.   The activity, in each instance, finds legal justification in the purposes to be served.   When the activity bears no relationship to such authorized purposes, it becomes unauthorized.

You are accordingly advised that it is our opinion that should the Federal Communications Commission grant a television channel for use by Texas Technological College, that said channel may accept, under state laws, commercially sponsored programs provided that the Board of Directors of the College, in the exercise of sound discretion, determine that such programs have a reasonable relationship to the authorized purposes of said station and to the statutory purposes of the college.

## S U M M A R Y

Should the Federal Communications Commission grant a television channel for use by Texas Technological College, said channel may accept under state laws, commercially sponsored programs, provided the Board of Directors of the College, in the exercise of sound discretion, determines that such programs

> have a reasonable relationship to the
> authorized purposes of said station,
> and to the statutory purposes of the
> college.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Assistant

LP:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

John H. Minton, Jr.

John Reeves

REVIEWED FOR THE ATTORNEY GENERAL

By:  James N. Ludlum